a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAMONT L. WARREN, Petitioner | CIVIL ACTION NO. 1:19-CV-616-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Plaintiff Lamont L. Warren ("Warren") (#11245-007). Warren is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Warren claims his detention is unlawful under laws prohibiting human trafficking and slavery.

Because Warren cannot challenge the validity of his conviction under § 2241, his Petition (Doc. 1) should be DISMISSED.

I. Background

Warren was convicted in the D.C. Superior Court of "an array of crimes, including assault with intent to kill while armed, possession of a firearm during a crime of violence, carrying a pistol without a license, and voluntary manslaughter while armed." (3:11-cv-01479, M.D. Penn., Doc. 12, p. 1). Warren was denied parole in July 2015 and May 2018. (1:18-cv-1431, W.D. La.; Doc. 1, p. 4). Warren previously filed a § 2241 petition challenging the denial of parole, which was denied and

dismissed with prejudice. Warren now claims that his incarceration is unlawful under laws of human trafficking and slavery. (Doc. 1, p. 2).

II. Law and Analysis

Habeas corpus petitions under 28 U.S.C. § 2241 are used to challenge the manner in which a sentence is being carried out, rather than the validity of a sentence. See U.S. v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994). Warren is not challenging the manner in which his sentence is being executed. Rather, Warren challenges the lawfulness of his confinement, which is pursuant to a judgment of the D.C. Superior Court.

A petitioner may not challenge his D.C. conviction in federal court "unless he first seeks relief under D.C. Code Ann. § 23-110(g) or the Superior Court has denied him relief, and it also appears that the local remedy is inadequate or ineffective to test the legality of his detention." See Smith v. United States, 00-5181, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000) (per curiam) (citing Blair-Bey v. Quick, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998)); see also Dockery v. Driver, 364 F. App'x 88, 89 (5th Cir. 2010) (the primary method of collaterally challenging a conviction and sentence entered in the Superior Court of the District of Columbia is the filing of a § 23–110 motion in that court).

Warren does not allege that he filed a motion under D.C. Code § 23-110, or that the remedy provided by § 23-110 is inadequate or ineffective to test the legality of his detention. Id.; Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir. 1986). Therefore, Warren cannot proceed under § 2241.

III. <u>Conclusion</u>

Because Warren cannot challenge the validity of his conviction under § 2241, IT IS RECOMMENDED that Warren's Petition (Doc. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Warren's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the

---

[1] <u>Pack v. Yusuff</u>, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); <u>Reed v. Young</u>, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __1st__ day of July, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge